STATE of Iowa, Appellee,

v.

Donald MORELAND, Appellant.

No. 55215.

Supreme Court of Iowa.

Oct. 18, 1972.

John P. Churchman, Council Bluffs, for appellant.

Richard C. Turner, Atty. Gen., Allen J. Lukehart, Asst. Atty. Gen., and Lyle A. Rodenburg, Pottawattamie County Atty., for appellee.

Heard before MOORE, C. J., and UHLENHOPP, REYNOLDSON, HARRIS and McCORMICK, JJ.

UHLENHOPP, Justice.

We are required here to pass upon two procedural questions which arose in a prosecution for selling a narcotic drug.

An undercover agent for the Iowa Bureau of Criminal Investigation met with defendant and two other men in a cafe at Council Bluffs, Iowa, to negotiate for the purchase of some hashish and a machine gun. Defendant left the hashish in the ashtray of a car for the undercover agent to examine. After examining the hashish, the agent bought it from defendant. The present prosecution relates only to the sale of the hashish.

Subsequently, the B. C. I. tested the hashish and identified it as a narcotic drug within the definition in chapter 204, Code, 1971. Defendant was charged accordingly with selling a narcotic drug and was placed on trial.

At trial the State introduced evidence of the facts of the case, but did not introduce the hashish itself. The State rested and defendant moved for a directed verdict. Thereafter, on motion of the State and over defendant's objection, the trial court permitted the State to reopen the record and introduce the hashish into evidence. Defendant introduced no evidence.

During argument to the jury, defense counsel argued that the State had failed to call as a witness an informant involved in the case, that the informant might have had something to do with placing the narcotics in the car, and that the informant was not called because his testimony would have been against the State. The prosecutor responded in closing argument by saying that the informant was not called because an informant loses his confidential status and usefulness if he testifies and his life might be imperiled. Defendant objected to this argument by the prosecutor, and the trial court admonished the jury to disregard the statement that an informant's life might be endangered if he is called to testify.

The jury found defendant guilty and the trial court sentenced him. Hence defendant's present appeal.

Defendant makes two complaints: the trial court should not have permitted the State to reopen the record and introduce the hashish, and the prosecutor should not have argued that an informant's life might be endangered if he is called to testify.

█ I. *Reopening Record.* Trial courts have discretion to permit a party to reopen the record and introduce evidence which was previously omitted. State v. Terry, 199 Iowa 1221, 203 N.W. 232. We

find no abuse of discretion here. The situation is remarkably similar to the one in United States v. Keine, 424 F.2d 39, 40 (10 Cir.) :

> The government first presented expert testimony relating to the chemical composition of the drug. A chain of custody was established from the time of seizure of the drug until the time it was brought into court. The jury heard testimony concerning the article and saw it. The only thing remaining to be done before the drug was admissible in evidence was for the prosecution to offer it. Nothing in the record indicates that the government's failure to do so was the product of anything other than mere inadvertence. Under these circumstances, we are unable to say that the trial court abused the wide discretion committed to it with respect to permitting a party to reopen after resting.

Defendant's first complaint cannot be upheld. In overruling defendant's complaint, we do not intimate that the State had to introduce the hashish in order to make a prima facie case.

II. *Argument to Jury.* Regarding the prosecutor's rebuttal to defense counsel's argument about the informant, this court itself has said, "It is also understood that whenever an informer's identity is revealed, his future use is usually diminished if not destroyed, and in some instances life put in jeopardy." State v. Denato, 173 N. W.2d 576, 577 (Iowa). In addition, the prosecutor here did not claim this particular informant's life would be endangered; he argued generally that an informant's identity is not revealed because he loses his usefulness and his life might be imperiled.

Nevertheless, we think the prosecutor should not have argued that an informant's life might be imperiled. The inference from such an argument would be that the prosecutor contended this particular informant's life would have been endangered, whereas no evidence was introduced to support such a contention. The trial court was right, therefore, in directing the jury to disregard that part of the argument.

The question is whether the argument was so prejudicial as to require another trial. Under the circumstances here, we think not. First, defense counsel argued that the informant might have placed the hashish in the car and that the informant would have testified against the State. Defense counsel should certainly have anticipated a strong response from the prosecutor. Second, the trial court promptly dealt with the matter and directed the jury to disregard the argument. Finally, after considering the matter on motion for new trial, the trial court concluded that defendant had a fair trial. A trial court is closer to the actual trial than we are and more familiar with the importance and effect of the various happenings at trial. See State v. Latham, 254 Iowa 513, 117 N.W.2d 840.

We hold that defendant's second complaint cannot be sustained. State v. Horsey, 180 N.W.2d 459 (Iowa) ; State v. Sage, 162 N.W.2d 502 (Iowa) ; State v. Kendall, 200 Iowa 483, 203 N.W. 806.

The conviction must stand.

Affirmed.