# IN THE SUPREME COURT OF IOWA

No. 11–0197

Filed June 8, 2012

**STATE OF IOWA,**

Appellee,

vs.

**PETER KELLY LONG,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Webster County, Kurt L. Wilke, Judge.

The State seeks further review from a court of appeals decision which vacated the defendant's enhanced sentence of life in prison without parole for a second conviction of sexual abuse or lascivious acts with a child under Iowa Code section 902.14. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

Thomas J. Miller, Attorney General, Darrel L. Mullins, Assistant Attorney General, and Ricki L. Osborn, County Attorney, for appellee.

Mark C. Smith, State Appellate Defender, Emily Zerkel, Student Legal Intern, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

**ZAGER, Justice**.

Peter Kelly Long was convicted of third-degree sexual abuse in violation of Iowa Code sections 709.1(3) and 709.4(2)(*b*) (2009). Based on two 1996 convictions for lascivious acts with a child, the district court found that Long had committed a class "A" felony under section 902.14 and sentenced Long to life in prison without the possibility of parole. Long appealed, claiming the district court abused its discretion when it allowed the State to reopen the record after the State had rested and after the defense had made a motion for judgment of acquittal during the enhancement trial. We transferred the case to the court of appeals. The court of appeals vacated the judgment and remanded the case to the district court to render a verdict on the enhancement based solely on the evidence introduced prior to the reopening of the record. The State sought further review, which we granted. We conclude the district court did not abuse its discretion in reopening the record under the circumstances of this case. Accordingly, we vacate the decision of the court of appeals and affirm the judgment of the district court.

**I. Background Facts and Procedural History.**

In February of 2010, A.M., who was twelve years of age, spent the weekend at the home of Peter and Tanya Long. A.M. was going to babysit the Longs' children while the couple did some work around their house. After A.M. had gone to bed, Long entered her bedroom and sexually assaulted her. A.M. called her mother who came to the house, picked A.M. up, and drove her to the hospital where police were informed of the assault.

On July 15, Long was charged by trial information with third-degree sexual abuse in violation of Iowa Code sections 709.1(3) and 709.4(2)(*b*). The trial information also notified Long of the potential

enhancement of his sentence under section 902.14 based on Long's prior convictions for lascivious acts with a child. Long pled not guilty, and trial commenced on November 30. On December 1, the jury found Long guilty of third-degree sexual abuse.

Long waived his right to a jury trial on the sentencing enhancement under section 902.14 based on his prior convictions, and the issue was tried to the district court. In support of the enhancement, the State offered certified copies of Long's two convictions from December 30 and 31, 1996. Both of these convictions were for lascivious acts with a child in violation of Iowa Code section 709.8 (1995), a class "D" felony. The particular subsection was not indicated on the sentencing orders. The State also called three witnesses in support of the enhancement: Jason Bahr, a detective with the Webster County Sheriff's Office who investigated the incident involving A.M.; Barbara Ann Krug, a probation/parole officer with the Department of Correctional Services who supervised Long at a residential work facility; and Russell Goebel, another probation/parole officer. All three identified Long as the person who had previously been convicted of committing lascivious acts with a child. Additionally, through Bahr, the State offered a videotaped interview of Long from 2010 where he discussed his past offenses. The State then rested.

Long immediately moved for a judgment of acquittal, claiming the State had not met its burden regarding the enhancement. Specifically, Long pointed out that Iowa Code section 902.14 (2009) only applies to a lascivious acts conviction under subsections 709.8(1) or (2), whereas convictions for violations of sections 709.8(3) or (4) do not lead to an enhanced sentence. Since the evidence provided by the State only established Long violated section 709.8, but not the particular

subsection of the statute that was violated, Long argued the State had failed to prove beyond a reasonable doubt that Long was guilty of the applicable subsections subjecting him to the enhanced sentence. Therefore, the enhancement should be denied. The State responded by arguing that the only issue at the enhancement trial was the defendant's identity and not which subsection he violated. The district court took the motion for judgment of acquittal under advisement.

The next morning, on December 2, the State moved to reopen the record, and an expedited hearing on this motion was conducted later that day. The State sought to reopen the record to call the court reporter from the 1996 guilty plea proceedings. This person could lay the foundation for the transcripts from the guilty plea proceeding where Long admitted touching the genitals of two children, which would violate subsection 709.8(1), and would satisfy the enhancement requirements of section 902.14. The State pointed out that Iowa Rule of Criminal Procedure 2.19(9), which governs the trial of questions involving prior convictions, only requires the State to prove the identity of the defendant is the same as the person named in the prior conviction and that the defendant was represented by counsel at the time of the prior conviction. The rule also requires that if the defendant has any other objections to the prior conviction evidence, he must assert those objections prior to trial. Iowa R. Crim. P. 2.19(9). The State argued that by not asserting the issue of which subsection of 709.8 was violated in 1996, Long waived his right to bring the objection.

Long claimed that his defense strategy was based on the minutes of testimony the State provided at the beginning of the case. Long claimed that he knew the minutes did not include any documents that would indicate which subsection of 709.8 he violated, or any witness who

had knowledge of which subsection of 709.8 he violated. There was no mention in the minutes of testimony of transcripts of his guilty plea proceedings. Long argued this would result in unfair surprise and he would be unfairly prejudiced if this information were allowed to be introduced at this late stage. Long's attorney claimed the State "just blew it. They want a second bite at the apple."

On December 6, the district court granted the State's motion to reopen the record. In its order, the district court quoted from *State v. Kukowski*, 704 N.W.2d 687, 693 (Iowa 2005), and found that under rule 2.19(9), Long had not waived his right to object. However, after balancing the seven factors this court set forth in *State v. Teeters*, 487 N.W.2d 346, 348 (Iowa 1992), the court felt it was appropriate to reopen the record. The court noted that the evidence the State sought to admit was not introduced based on a mere oversight. The court also concluded that Long would not be prejudiced by this information since the enhancement had been an issue since the trial information had been filed. The court also noted that this was a bench trial, so there was no danger that a jury might accord undue weight to the newly admitted evidence. Also, the evidence was admissible and material. Finally, the court noted that the State made its motion only one day after the bench trial commenced, and the court had not yet made a ruling on the enhancement issue. Accordingly, reopening the record would not inconvenience the court or the parties. The court concluded by noting "the significance of the evidence compels an order to reopen the record."

On December 16, the State filed a motion to amend trial information and minutes of testimony. The supplemental minutes of testimony included listing an additional witness, Tom Kierski, a court reporter who could lay the foundation to introduce the transcripts of

Long's prior guilty pleas and sentencing. On December 20, over Long's objection, the court accepted Kierski's testimony and admitted the shorthand notes and transcripts from Long's 1996 guilty pleas and sentencing. In the transcript of the guilty pleas, Long admits to touching the genitals of two girls under the age of twelve. This would constitute a violation of section 709.8(1), one of the offenses which makes Long subject to an enhanced sentence under section 902.14. Following the reopened enhancement trial, the court found the enhancement was applicable, and Long was guilty of the class "A" felony under section 902.14(1)(*c*). Long was sentenced to life in prison without parole on February 3, 2011.

Long filed his appeal on February 4, and we transferred the case to the court of appeals. The court of appeals noted that rule 2.19(2) requires the State to give the defendant the minutes of a witness's testimony ten days before trial. The State provided Long the amended trial information and minutes for Kierski's testimony four days prior to the reopened trial on the enhancement. The court of appeals noted that if the State had notified Long that it intended to call Kierski, Long would have realized the State could prove the enhancement. The court of appeals concluded that Long lost the opportunity to attempt to plea bargain and "it is the lost opportunity that creates the undue prejudice in reopening the record and allowing an additional witness." According to the court of appeals, by reopening the record after Long had been convicted of the instant offense, Long lost a viable trial strategy. Accordingly, the court of appeals held that "allowing Kierski's testimony violated rule 2.19(2), thereby resulting in surprise and unfair prejudice to Long, [and therefore] we find the district court abused its discretion in reopening the record." The court remanded the case to the district court

for a determination of whether the evidence offered prior to reopening the record was sufficient to support the enhancement. The State sought further review which we granted.

## II. Standard of Review.

A district court has broad discretion to reopen the record to allow the State to introduce further evidence. *State v. Mason*, 203 N.W.2d 292, 295–96 (Iowa 1972) ("We have allowed wide leeway in reviewing discretion of trial court in permitting a case to be reopened."); *see also Teeters*, 487 N.W.2d at 348 (finding the court's refusal to reopen the record to allow the defendant to present new evidence is also discretionary). A court abuses its discretion when its "discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Teeters*, 487 N.W.2d at 349 (citation and internal quotation marks omitted).

We have also noted that the discretion afforded in these situations "must necessarily be especially broad." *Id.* In describing the scope of this broad discretion, we have stated that

> a trial court . . . may allow reopening of the case at any stage of the trial, including after argument has commenced, if it appears "necessary to the due administration of justice." Such a decision will ordinarily not be interfered with by a reviewing court.
>
> . . . [T]he decision whether to reopen the case [is] a matter of discretion with the district court which [is] in the best position to determine what [is] "necessary and appropriate to achieve substantial justice."

*Bangs v. Maple Hills, Ltd.*, 585 N.W.2d 262, 267 (Iowa 1998) (citations omitted). With these principles in mind, we now review the district court's decision to reopen the record in this case.

### III.  Discussion.

Long claims the district court abused its discretion when it reopened the record of the trial on the enhancement in order to receive new evidence.  In order to properly ground his claim, we will begin by describing the nature of the trial that was reopened to allow for additional evidence.

**A.  Statutory Framework.**  Section 902.14 enhances the penalty of anyone who violates sections 709.3, 709.4 or section 709.8(1) or (2) a second or subsequent time.  Iowa Code § 902.14(1).  "When a defendant faces a charge that imposes an enhanced penalty for prior convictions, our law, in turn, imposes a two-stage trial."  *Kukowski*, 704 N.W.2d at 691.  The first stage of the trial requires the State to prove the defendant is guilty of the current offense.  *Id.*  In this case, Long was found guilty of third-degree sexual abuse, a violation of section 709.4, and he has not appealed this conviction.

> Following this first conviction, the trial moves to its second phase:
>
> If found guilty of the current offense, the defendant is then entitled to a second trial on the prior convictions.  The prior convictions must be proven by the State at the second trial beyond a reasonable doubt, just as the current offense must be established at the first trial.  Generally, the State must prove the prior convictions at the second trial by introducing certified records of the convictions, along with evidence that the defendant is the same person named in the convictions.  The State must also establish that the defendant was either represented by counsel when previously convicted or knowingly waived counsel.

*Id.* (citations and internal quotation marks omitted).  This second trial is governed by rule 2.19(9), which reads,

> *Trial of questions involving prior convictions.*  After conviction of the primary or current offense, but prior to pronouncement of sentence, if the indictment or information alleges one or more prior convictions which by the Code subjects the offender to an increased sentence, the offender

shall have the opportunity in open court to affirm or deny that the offender is the person previously convicted, or that the offender was not represented by counsel and did not waive counsel. If the offender denies being the person previously convicted, sentence shall be postponed for such time as to permit a trial before a jury on the issue of the offender's identity with the person previously convicted. *Other objections shall be heard and determined by the court, and these other objections shall be asserted prior to trial of the substantive offense in the manner presented in rule 2.11.* On the issue of identity, the court may in its discretion reconvene the jury which heard the current offense or dismiss that jury and submit the issue to another jury to be later impaneled. If the offender is found by the jury to be the person previously convicted, or if the offender acknowledged being such person, the offender shall be sentenced as prescribed in the Code.

Iowa R. Crim. P. 2.19(9) (emphasis added).

**B. The Decision to Reopen the Record.** In this case, Long asserted his right to a trial on the question of his prior convictions, though he waived his right to a jury trial. Prior to resting its case, the State submitted certified copies of two 1996 convictions for lascivious acts with a child in violation of Iowa Code section 709.8. The State presented evidence that Long was the same person as the one who had been convicted in 1996 and also offered a videotaped interview of Long in 2010 where he told Detective Bahr that one of his 1996 convictions arose out of an incident where he touched a girl who was riding behind him on a motorcycle. At that point the State rested and Long moved for a judgment of acquittal on the enhancement, claiming that the State had not proven beyond a reasonable doubt that Long had been previously convicted of a violation of subsection 709.8(1) or (2), as opposed to (3) or (4). The next day, the State moved to reopen the record. After a hearing, the court granted the motion. Long has asked us to review this decision.

It is well settled that a district court is given broad discretion to allow a party to reopen the record and introduce evidence that was

previously omitted. *See State v. Jefferson*, 545 N.W.2d 248, 250 (Iowa 1996); *Teeters*, 487 N.W.2d at 348–49; *Mason*, 203 N.W.2d at 295–96. A rule that unequivocally prohibited the district court from reopening the record after the State has rested is inconsistent with our rule that a court has discretion over such matters because a hard and fast rule would preclude the district court from exercising *any* discretion over such an issue. *See, e.g., State v. Hager*, 630 N.W.2d 828, 836 (Iowa 2001) (noting that "a fixed plea deadline is the very antithesis of discretionary decision-making [because i]t precludes the exercise of discretion" (citation omitted)). Stripping the district court of the discretion to allow the State to reopen the record in a criminal trial would, therefore, be contrary to our precedent. *See Mason*, 203 N.W.2d at 295–96; *State v. Moreland*, 201 N.W.2d 713, 714–15 (Iowa 1972). However, there are issues of justice and fairness to the defendant which are implicated any time the court is asked by the State to reopen the record. Allowing the State to reopen the record in a criminal case, after the defendant has moved for a judgment of acquittal, poses a particular concern for us. We are mindful that we must

> balance two competing concerns in reviews of this type: the defendant's interest in fairness and the court's search for truth. This means negotiating two potentially poor outcomes: on the one hand, permitting the state to reopen its case after the defendant has identified a deficiency rewards the state for its laxity and in practical effect makes the defendant a prosecutorial arm of the state; on the other hand, excessive procedural rigidity risks reducing the trial to "a game of technicalities."

*State v. Freeman*, 33 A.3d 256, 261 (Conn. App. Ct. 2011) (citations omitted).

Even though a district court is given the discretion to reopen the record in a criminal prosecution, courts have held that reopening the

record is more likely to be an abuse of discretion if the State is attempting to "fill a gap in its proof of a prima facie case." 75 Am. Jur. 2d *Trial* § 303, at 539 (2007) (citing cases). However, if "the proof presented before resting was sufficient to sustain the charge," then courts are less likely to find the district court abused its discretion by allowing the State to reopen the record. *Id.*; *see also Moreland*, 201 N.W.2d at 714–15 (finding the district court did not abuse its discretion in reopening the record to admit the actual drugs the defendant was accused of selling, but stating "we do not intimate that the State [ha]d to introduce the hashish in order to make a prima facie case").

We have identified seven factors that the district court should consider before exercising its discretion and reopening the record:

> (1) the reason for the failure to introduce the evidence; (2) the surprise or unfair prejudice inuring to the opponent that might be caused by introducing the evidence; (3) the diligence used by the proponent to secure the evidence in a timely fashion; (4) the admissibility and materiality of the evidence; (5) the stage of the trial when the motion is made; (6) the time and effort expended upon the trial; and (7) the inconvenience reopening the case would cause to the proceeding.

*Teeters*, 487 N.W.2d at 348 (citing 75 Am. Jur. 2d *Trial* § 382 (1991), now found at 75 Am. Jur. 2d *Trial* § 298, at 532–33). These factors were explicitly enumerated for the first time in *Teeters*. The district court's written ruling on the motion to reopen the record identified and analyzed how each of the factors listed in *Teeters* applied to the facts of this case. This clear and explicit ruling assists in our appellate review. On appellate review, we will consider the same factors analyzed by the district court and determine whether the district court's " 'discretion was exercised on grounds or for reasons clearly untenable or to an extent

clearly unreasonable.' " *Teeters*, 487 N.W.2d at 349 (quoting *State v. Morrison*, 323 N.W.2d 254, 256 (Iowa 1982)).

The first factor we will examine in determining whether the district court abused its discretion by reopening the record is whether the State introduced evidence that Long was convicted of a violation of subsection 709.8(1) or (2), as opposed to (3) or (4), prior to reopening the record. If the State needed to reopen the record to make its prima facie case, then an abuse of discretion becomes more likely. *State v. McKay*, 723 N.W.2d 644, 648 (Neb. Ct. App. 2006) ("Also important [to the finding of an abuse of discretion] was the underlying conclusion that the evidence adduced by the State prior to resting was, in fact, insufficient."). For example, the Connecticut Supreme Court overturned one defendant's conviction after the district court judge allowed the prosecution to reopen the record in response to a defendant's motion to dismiss. *State v. Allen*, 533 A.2d 559, 566 (Conn. 1987). The court held

> that when the state has failed to make out a prima facie case because insufficient evidence has been introduced concerning an essential element of a crime and the defendant has specifically identified this evidentiary gap in a motion for judgment of acquittal, it is an abuse of the trial court's discretion to permit a reopening of the case to supply the missing evidence.

*Id.* We now turn to the evidence offered by the State in this case, prior to its motion to reopen the record, to determine whether it had provided sufficient evidence to make a prima facie case.

The State introduced evidence that Long had been convicted of a violation of section 709.8. The four subsections of Iowa Code section 709.8 (1995) describe substantially the same conduct as the subsections listed in the 2009 Code.[1] *Compare* Iowa Code § 709.8 (1995), *with* Iowa

---

[1]In 1996, the legislature amended section 709.8(3) by adding language prohibiting a person from "solicit[ing] a person to arrange a sex act with a child." 1996

Code § 709.8 (2009). The subsections in both Code sections state that a person commits the crime of lascivious acts with a child when, among other things, the person does any of the following:

1. Fondle or touch the pubes or genitals of a child.

2. Permit or cause a child to fondle or touch the person's genitals or pubes.

3. Solicit a child to engage in a sex act.

4. Inflict pain or discomfort upon a child or permit a child to inflict pain or discomfort on the person.

Iowa Code § 709.8 (1995); *see also* Iowa Code § 709.8 (2009). In order for Long's previous offense to qualify for section 902.14's enhanced sentencing provisions, the State would have to show that Long violated subsections 709.8(1) or 709.8(2), as opposed to subsections 709.8(3) or 709.8(4). Iowa Code § 902.14(1)(*c*) (2009). The certified copies of Long's convictions do not indicate what subsection he was convicted under.

In addition to the certified copies of the convictions, the State played a videotape where Long discussed his previous convictions with Detective Bahr. The videotape was introduced prior to the State resting. Long stated that he was convicted in 1996 for an incident that occurred involving a young girl who "was riding on a motorcycle and I reached back and was touching her and things like that." The conduct Long admits to in the videotape would only fall under subsection 709.8(1), fondling the pubes or genitals of a child. Iowa Code § 709.8(1) (1995). It does not describe any of the other conduct listed in subsections 709.8(2) through (4). *Id.* § 709.8(2)–(4). In response to Long's motion for a judgment of acquittal, the district court noted that based on Long's

Iowa Acts ch. 1062, § 1. In 2005, the legislature lowered the minimum age of the offender from eighteen to sixteen. 2005 Iowa Acts ch. 158, § 535. Neither of these changes has any bearing on the outcome of this case.

comments on the videotape, and the certified copies of the convictions that had been submitted to the court, the State had probably met its burden of proof. Since the State had provided some evidence that Long's 1996 conviction for lascivious acts with a child fell under 709.8(1) prior to reopening the record, it may not have been necessary for the State to introduce the evidence in order to make a prima facie case that Long violated section 709.8(1). *See Moreland*, 201 N.W.2d at 715. The fact that there was some evidence submitted as to which subsection Long violated weighs against finding an abuse of discretion by reopening the record, especially in a case such as this one where the court reopened the record to confirm what it already suspected.

1. *The reason for the State's failure to introduce the transcripts of Long's guilty pleas.* When determining whether it is appropriate to reopen the record, we also note "the reason for the failure to introduce the evidence," just as the district court did. *See Teeters*, 487 N.W.2d at 348. In this case, the State believed that because the defendant had not raised other issues prior to trial, the State would only be required to prove the defendant's identity and the fact that he was represented by counsel when he was convicted in 1996. When a defendant asserts his right to a trial on an enhancement, rule 2.19(9) explicitly requires the State to prove identity and representation. Iowa R. Crim. P. 2.19(9). However, the rule goes on to state that "[o]ther objections shall be heard and determined by the court, and these other objections shall be asserted prior to trial of the substantive offense in the manner presented in rule 2.11." *Id.* When addressing habitual offender statutes in the past, we have held "that a defendant who asserts the habitual offender statute is not applicable must interpose his objections prior to the trial of the underlying charge. If he does not do so, the objections are waived."

*State v. Spoonmore*, 323 N.W.2d 202, 203 (Iowa 1982). Rather than objecting through a rule 2.11 motion, Long did not raise the subsection issue until after the State had rested. However, the district court found that Long had not "waived" the issue, and the State has not appealed this ruling. Accordingly, we will not review that issue in this opinion.

Even though Long did not waive the right to raise the subsection issue at the enhancement stage of his trial, it still bears on the reason the evidence was not offered. In *State v. Talbert*, we noted that

> when the judgment entry does not designate the offense in the prior judgment, the State must supplement the judgment entry in that respect by introducing other parts of the record that do show the crime which was charged and for which the defendant was convicted and sentenced.

622 N.W.2d 297, 302 (Iowa 2001). We also suggested that when the record of a conviction is uncertain, a transcript of the criminal proceeding might establish exactly what law the defendant previously violated. *Id.*

While there may have been sufficient evidence to find that Long violated section 709.8(1), the district court felt that it was best to reopen the record to allow the State to introduce a transcript of the plea. Omission of evidence by accident or inadvertence is a proper reason to reopen the record. *See Moreland*, 201 N.W.2d at 715 (Iowa 1972); *see also In re J.E.F.*, 409 A.2d 1165, 1166 (Pa. 1979) ("This Court has previously found it proper to reopen a case to allow the introduction of additional evidence where the evidence has been omitted by accident, inadvertence, or even because of mistake as to its necessity but not where the omission was intentional." (citations omitted)); 75 Am. Jur. 2d *Trial* § 298, at 532.

There is no indication that the State intentionally omitted the evidence that was admitted when the case was reopened or that the evidence was not found based on the State's lack of diligence. The reason the State did not offer the evidence that it sought to offer once the record was reopened was that Long had not raised any other objections under rule 2.19(9), which led the State to believe there were no other issues to be tried at the enhancement phase of the proceeding. Criminal trials are a search for truth and should not be turned into "a game of technicalities." *Freeman*, 33 A.3d at 261 (citation and internal quotation marks omitted). The reason for reopening the record does not support the conclusion that the district court abused its discretion.

2. *Surprise and unfair prejudice as a result of reopening the record.* The district court considered the surprise or unfair prejudice that Long might suffer if the State were allowed to reopen the record. Surprise and unfair prejudice are legitimate and important considerations when deciding a motion to reopen the record. *See Teeters*, 487 N.W.2d at 348. In Long's brief, he claims that he was unfairly prejudiced when the district court reopened the record and then "erroneously allowed [the State] to amend the minutes of testimony in violation of rule 2.19(2)." Rule 2.19(2) requires the State to provide the defense with minutes of testimony ten days before trial. Iowa R. Crim. P. 2.19(2).

> If the prosecuting attorney does not give notice to the defendant of all prosecution witnesses (except rebuttal witnesses) at least ten days before trial, the court may order the state to permit the discovery of such witnesses, grant a continuance, or enter such other order as it deems just under the circumstances.

*Id.* r. 2.19(3). If "no less severe remedy is adequate to protect the defendant from undue prejudice," the court may exclude the witness. *Id.*

In its December 6 order, the district court granted the motion to reopen the record and later allowed the State to amend the trial information and minutes of testimony. The continued trial on the enhancement was scheduled for December 20. The State filed the minutes of Kierski's testimony, including the transcripts of Long's guilty plea, on December 16. At the hearing on December 20, Long objected to Kierski's testimony, noting that the State had only provided four days' notice. In response, the State pointed out that there were remedies other than exclusion, such as a continuance. The district court took the motion under advisement and heard the testimony. Ultimately, the court accepted the evidence, and based on the transcripts submitted that day, the court concluded Long's 1996 conviction fell under subsection 709.8(1) and therefore satisfied the requirements of section 902.14. In a subsequent motion for a new trial, Long again claimed that the State should not have been allowed to call Kierski based on inadequate notice. This motion was denied. On appeal, Long argues that reopening the record to receive the new evidence "was a surprise and unfairly prejudicial" and it meant that Long did not have "fair notice of the evidence to be used against him."

There can be no doubt that Long was prejudiced by the admission of Kierski's testimony and the transcripts of Long's guilty pleas. The question is whether that prejudice was unfair. *See Teeters*, 487 N.W.2d at 348. To make this determination, we will review the context in which the district court made the decision to reopen the record and accept the new evidence. On July 15, 2010, nearly five months before the trial, the State filed a trial information indicating that the State would be seeking the class "A" felony enhancement under section 902.14 based on Long's prior convictions for lascivious acts with a child. A notice of additional

minutes was filed on October 14. This notice indicated that Detective Bahr would testify regarding his investigation and the interview he conducted of Long and that he would lay a foundation to introduce a videotape of Long's interview. It also included the copies of Long's 1996 convictions. A second notice of additional minutes of testimony was filed October 28. This notice indicated that Barb Krug and Russ Goebel would both be called to testify regarding their interactions with Long through their employment with the Department of Correctional Services in Fort Dodge. The minutes of their testimony indicated they would discuss the defendant's 1996 convictions for lascivious acts with a child and would "lay a foundation for any record of conviction, including records within the possession of the probation/parole office and copies of the original conviction."

If Long's strategy was to wait until the State rested in the enhancement phase of the proceeding and then move for a judgment of acquittal, the variables at play in this case made that strategy risky at best. The district court noted that Long had been apprised of the fact that his prior sex offenses would be the basis for enhancing his sentence since the trial information was first filed. Based on the October 14 minutes, Long knew that Detective Bahr, who he had described his prior offense to, would be called as a witness. Bahr's testimony authenticated a videotape of Long discussing his prior conviction where he admitted touching a girl who was riding on a motorcycle behind him. Based on the October 28 minutes, Long also knew that his probation officers would be called to testify and that their records might be entered into evidence. In short, it was possible that far more than just copies of his convictions would be entered into evidence.

There were other potential pitfalls to Long's strategy of relying solely on the subsection issue. There was the risk that the district court would reopen the record and allow the State to present more detailed evidence. Additionally, the district court judge who heard the trial in the instant prosecution was the same judge who conducted the guilty plea proceedings and sentenced Long for his prior offenses in 1996. Since the prior convictions were entered by the same court, the district court considered taking judicial notice of the entire court file of Long's 1996 convictions. As discussed above, it was also possible that the district court could have found any arguments other than identity and representation had been waived because Long did not raise the subsection issue prior to trial. *See* Iowa R. Crim. P. 2.19(9). Since the district court did not take judicial notice of the court files from Long's prior convictions, or deem the subsection issue waived, we will not comment on whether choosing either of these options would have been proper. We mention these alternate outcomes merely to point out the uncertainty that accompanied Long's decision to proceed as he did.

We also take this opportunity to note that even though Long claims the decision to reopen the record and allow the State to amend the minutes of testimony unfairly prejudiced him, he does not say what he would have done differently if Kierski's name would have been given to him ten days prior to trial, or a continuance granted. The court of appeals stated

> Long contends he was banking on the State's inability to prove the enhancement with the witnesses listed in the original minutes, and if the State had provided notice of the stronger enhancement evidence before the trial on the substantive offense, he would have had the option of pursuing a plea agreement with the State.

The court of appeals went on to note "it is the lost opportunity [to plea bargain] that creates the undue prejudice in reopening the record and allowing an additional witness." The State's application for further review correctly points out that this argument "is conjecture. There is no record to show either [Long] would have made such an overture under any circumstances, or that the State would have entertained it."

We agree with the State for two reasons. First, despite the court of appeals opinion, we do not see where Long has argued that it was the lost opportunity to plea bargain that resulted in unfair prejudice. This argument is not made in any of the pleadings or briefs submitted before the court of appeals. Since Long did not make this argument, he did not produce or point to any evidence that would support the idea that he would have sought a plea bargain had he known that Kierski would testify. Second, even if Long had offered evidence that he would have sought a plea bargain, the State is under no obligation to engage in plea bargaining "because a defendant has no right to be offered a plea." *Missouri v. Frye*, ___ U.S. ___, ___, 132 S. Ct. 1399, 1410, 182 L. Ed. 2d 379, 392 (2012). Since Long had no right to be offered a plea, we do not see how the denial of the opportunity to plea bargain caused Long to suffer undue prejudice in this case.

In summary, we do not feel Long was unfairly prejudiced by the district court's decision to reopen the record and hear Kierski's testimony. The evidence listed in the October 14 and 28 minutes of testimony may have been sufficient to find Long's prior conviction was a violation of subsections 709.8(1) or 709.8(2) and therefore qualified him for enhancement under section 902.14. Once Long made his objection, there were a number of possible courses of action the district court might have taken. One possible course, the one taken by the district court,

was reopening the record to verify what the district court already suspected. Long has not shown how reopening the record and allowing the State to call Kierski impacted Long's trial strategy in any significant way. Accordingly, we do not believe that reopening the record and allowing Kierski to testify unfairly prejudiced Long.

3. *Other factors.* Another factor the district court properly considered in this case was the timing of the request to reopen the record. *Teeters*, 487 N.W.2d at 348. One reason that courts consider the timing of the request to reopen the record "is that a jury may accord undue weight to evidence which is admitted close to the time deliberations begin." *People v. Rodriguez*, 199 Cal. Rptr. 433, 436 (Cal. Ct. App. 1984). However, in this case, the enhancement trial was before a judge, and it was a very short proceeding. Therefore, there is little worry that the timing of the evidence would lead to misuse of the information. Also, since there was no jury, there were no jury instructions that had been submitted to the jury that might have needed to be modified. *See Teeters*, 487 N.W.2d at 349.

Timing considerations can also take into account the stage of the trial when the motion was made, the prompt disposition of the case, and any inconvenience to the court. *See Teeters*, 487 N.W.2d at 348; *see also* 75 Am. Jur. 2d *Trial* § 298, at 533. In this case, the jury trial on the current offense had just ended and Long had been convicted. Long had waived his right to a jury trial on the issue of the enhancement, so any determinations concerning the evidence presented or enhancements would be made by the court. The district court judge had just heard from three witnesses, seen copies of Long's convictions and seen a videotape of him briefly describing what conduct led to his prior conviction. Long moved for a judgment of acquittal, and the motion was

taken under advisement. The next morning, the State moved to reopen the record.

The judge in this case was in the best position to assess any potential inconvenience or difficulties reopening the record would pose. As the district court noted, however, the enhancement issue had not yet been decided, and therefore, reopening the record would not inconvenience the proceeding. This is not a situation where there was concern that the trial would be unduly prolonged or where reopening the case threatened "the orderly trial process[] fundamental to our jurisprudence." *People v. Olsen*, 313 N.E.2d 782, 784 (N.Y. 1974). The timing of the ruling does not favor an abuse of discretion.

Finally, we must consider the evidence that was admitted when the court allowed the record to be reopened. *See Teeters*, 487 N.W.2d at 348 (noting that the court should consider the admissibility and materiality of the evidence); *see also Rodriguez*, 199 Cal. Rptr. at 436 (noting that admitted "evidence was decisive on the issue"). The State wanted to call a court reporter to lay the foundation to admit transcripts of Long's guilty pleas to lascivious acts with a child. The evidence was clearly admissible. As part of Long's pleas, he admitted touching the genitals of two girls under the age of twelve. This is undisputed evidence that Long's conviction fell under section 709.8(1) and would therefore qualify him for sentencing enhancement under section 902.14. The evidence was consistent with, but much more definitive than, Long's statements to Detective Bahr. This clearly admissible evidence confirmed what the court had already heard from Long on the videotape and clearly "aided the court in its search for truth." *Freeman*, 33 A.3d at 261. This factor also favors upholding the court's decision to reopen the record.

Long exercised his right to require the State to prove beyond a reasonable doubt that he was subject to sentencing enhancement based on his prior convictions. Long was also allowed to exercise his right to remain mute and require the State meet its burden of proof. The rule governing these trials requires the State to prove that Long was the same individual convicted in the prior proceeding and that he was represented by counsel at the prior proceeding. If Long had other issues regarding his prior convictions, he needed to raise them before trial or they could be waived. He failed to do so. In response, the State prepared a case that addressed only identity and representation by counsel. When Long belatedly raised another issue, the district court did not rule the issue was waived, or decide to take judicial notice of the court files in Long's previous cases, but instead reopened the record in response to Long's motion for a judgment of acquittal. This decision was not made in haste, as evidenced by the district court's well reasoned, written ruling on the matter. It was made only after careful consideration by the district court of the briefs submitted by counsel and after hearing the arguments of counsel. This careful consideration allowed the district court to fully and fairly "balance two competing concerns . . . : the defendant's interest in fairness and the court's search for truth." *Id.* The ruling to reopen the record under the facts of this case was not an abuse of discretion.

**IV. Disposition.**

The district court was faced with a variety of competing interests and alternative courses of action. The court might have deemed the issue waived, or acquitted or convicted the defendant based solely on the record before the court at that time. Instead, the district court chose to reopen the record and receive the transcripts of the defendant's pleas to the prior offenses. Given the specific facts of this case, reopening the

record was not an abuse of discretion. Because Long has not claimed any other errors, we affirm the judgment of the district court and vacate the decision of the court of appeals.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

All justices concur except Wiggins, J., who takes no part.