## IN THE COURT OF APPEALS OF IOWA

No. 14-1641
Filed June 15, 2016

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**ROGER BERNELL ENNENGA,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

Roger Bernell Ennenga appeals his conviction and sentence for unauthorized use of a credit card. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Patricia A. Reynolds, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Benjamin M. Parrott, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., Vaitheswaran, J., and Mahan, S.J.* Blane, S.J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, Senior Judge.**

Roger Bernell Ennenga appeals his conviction and sentence for unauthorized use of a credit card in violation of Iowa Code section 715A.6 (2013). Ennenga contends (1) the court improperly admitted evidence that thirty dollars was missing from the victim's purse; (2) his trial counsel was ineffective for failing to move for a mistrial based on a statement made by the prosecution in closing arguments; and (3) there was insufficient evidence to support his conviction. We affirm.

## I.     Background Facts and Proceedings

On January 8, 2014, Ennenga appeared unannounced at the home of Patricia Irwin, Ennenga's step-mother. Ennenga and Irwin were not well-acquainted, having interacted only five or six times in the previous decade. Ennenga told Irwin he was there to introduce her to his new wife, Denise. While Denise and Irwin spoke in the kitchen, Ennenga wandered around Irwin's house. Ennenga reappeared in the kitchen, following which Ennenga and Denise stayed for approximately ten minutes and then left. After their departure, Irwin noticed her purse in the hallway, looked inside, and found two credit cards and thirty dollars were missing.

Irwin contacted her bank and learned of an unauthorized charge at Walgreens in the amount of $165.42. In the course of their investigation, the police found video recordings of Ennenga at Walgreens purchasing $165.42 worth of cigarettes and gift cards on Irwin's credit card. Ennenga was charged with unauthorized use of a credit card, an aggravated misdemeanor.

Before trial, Ennenga moved in limine to exclude the evidence that thirty dollars was also taken from the purse, which the district court denied. The jury found Ennenga guilty. Ennenga appeals.

## II. Standard and Scope of Review

"We review evidentiary rulings for abuse of discretion." *State v. Huston*, 825 N.W.2d 531, 536 (Iowa 2013). "A court abuses its discretion when its 'discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable.'" *State v. Putnam*, 848 N.W.2d 1, 8 (Iowa 2014) (quoting *State v. Long*, 814 N.W.2d 572, 576 (Iowa 2012)). "A ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law." *Id.* (quoting *In re Det. of Stenzel*, 827 N.W.2d 690, 697 (Iowa 2013)). Even if an abuse of discretion has occurred, "reversal will not be warranted if error was harmless." *State v. Reynolds*, 765 N.W.2d 283, 288 (Iowa 2009).

In order to prove an ineffective-assistance-of-counsel claim, an appellant must show by a preponderance of the evidence that counsel (1) failed to perform an essential duty and (2) prejudice resulted. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). We can resolve ineffective-assistance claims under either prong. *State v. Ambrose*, 861 N.W.2d 550, 556 (Iowa 2015). We review ineffective-assistance claims de novo. *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013).

"A guilty verdict must be supported by substantial evidence." *State v. Serrato*, 787 N.W.2d 462, 465 (Iowa 2010). "'Substantial evidence' is that upon which a rational trier of fact could find the defendant guilty beyond a reasonable

doubt." *Id.* (quoting *State v. Hagedorn*, 679 N.W.2d 666, 668-69 (Iowa 2004)). In making this determination, we "view the 'evidence in the light most favorable to the State, including legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *Id.* (quoting *State v. Quinn*, 691 N.W.2d 403, 407 (Iowa 2005)).

### III.    Analysis

Ennenga makes three challenges to his conviction: (1) the district court erred by allowing testimony that thirty dollars was also missing from the victim's purse; (2) trial counsel was ineffective by failing to move for a mistrial after the prosecutor said in closing arguments that defense counsel on cross-examination had "attacked a little old lady"—the victim; and (3) there was not substantial evidence to support his conviction, as there was insufficient evidence Ennenga lacked authorization to use the credit card. We consider each argument in turn.

### A.    Evidentiary Ruling

Ennenga challenged the admission of the evidence that thirty dollars was taken from Irwin's purse by motion in limine. This motion was denied. During trial, Ennenga did not object when the State sought to introduce the evidence. On appeal, Ennenga claims the evidence was impermissible propensity evidence that was not relevant to the issues at trial. We assume, without deciding, error was preserved by the motion in limine.

Iowa Rule of Evidence 5.404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

"The rule 'exclude[s] evidence that serves no purpose except to show the defendant is a bad person, from which the jury is likely to infer he or she committed the crime in question.'" *Putnam*, 848 N.W.2d at 8 (alteration in original) (quoting *State v. Rodriquez*, 636 N.W.2d 234, 239 (Iowa 2001)); *see also State v. Sullivan*, 679 N.W.2d 19, 23 (Iowa 2004) ("[A] defendant must be tried for what he did, not for who he is." (citation omitted)).

For evidence of prior bad acts to be admissible, the State "must articulate a noncharacter theory of relevance." *See State v. Elliott*, 806 N.W.2d 660, 675 (Iowa 2011). The court then determines whether to admit the evidence by engaging in a three-step analysis. *See Putnam*, 848 N.W.2d at 8 (setting forth the three-step process); *see also Elliott*, 806 N.W.2d at 675 (noting that after a noncharacter theory is proffered, the court considers relevancy and the danger of unfair prejudice).

First, a court considers whether the evidence is relevant. *Putnam*, 848 N.W.2d at 9. Then, a court must conclude if there is clear proof the acts were actually committed. *Id.* Finally, the court "must determine whether the evidence's 'probative value is substantially outweighed by the danger of unfair prejudice to the defendant.'" *Id.* (quoting *Sullivan*, 679 N.W.2d at 25).

"Relevant evidence is evidence 'having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *State v. Taylor*, 689 N.W.2d 116, 123 (Iowa 2004) (quoting Iowa R. Evid. 5.401). "The general test of relevancy is 'whether a reasonable [person] might believe the

probability of the truth of the consequential fact to be different if [the person] knew of the proffered evidence.'" *Putnam*, 848 N.W.2d at 9 (alterations in original) (quoting *State v. Plaster*, 424 N.W.2d 226, 229 (Iowa 1988)).

The State argues the evidence came in to prove intent, as the primary issue at trial was whether or not Ennenga had authorization to use the credit card. *State v. Richards*, ___ N.W.2d ___, ___, 2016 WL 2609526, at * 6 (Iowa 2016) ("Intent is one valid, noncharacter theory of admissibility."). The State argues the evidence was relevant to show Ennenga did not have authorization to take the credit cards, because a reasonable juror could believe Ennenga would be less likely to steal thirty dollars from Irwin had she given him permission to use her credit card. We agree that the evidence was relevant to the issues in dispute, namely Ennenga's intent at the time he used Irwin's credit card.

Ennenga argues clear proof is lacking. However, the evidence at trial supports the cash was in Irwin's house before Ennenga and Denise came to visit. Denise was with Irwin in the kitchen while Ennenga wandered around the house, and the cash was gone after Ennenga and Denise left. "In assessing whether there is clear proof of prior misconduct, it is not required that the prior act be established beyond a reasonable doubt . . . ." *Taylor*, 689 N.W.2d at 130. "There simply needs to be sufficient proof to 'prevent the jury from engaging in speculation or drawing inferences based on mere suspicion.'" *Putnam*, 848 N.W.2d at 9 (citation omitted). This burden was met.

Finally, Ennenga claims the evidence's probative value was substantially outweighed by the danger of unfair prejudice. In resolving this question, courts consider a series of factors, including:

the need for the evidence in light of the issues and the other evidence available to the prosecution, whether there is clear proof the defendant committed the prior bad acts, the strength or weakness of the evidence on the relevant issue, and the degree to which the fact finder will be prompted to decide the case on an improper basis.

*Id.* at 9-10 (quoting *Taylor*, 689 N.W.2d at 124). Because this weighing process "is not an exact science," the district court that made the judgment call is given a great deal of leeway. *Id.* (quoting *State v. Newell*, 710 N.W.2d 6, 20-21 (Iowa 2006)).

We conclude the probative value was not substantially outweighed by the danger of unfair prejudice. The evidence was admitted to prove intent—i.e., that Ennenga used the credit card knowing it was stolen or knowing he did not have authorization to use the card—and thus went directly to the only element at issue. As discussed above, clear proof was met. Finally, the theft of thirty dollars is no more offensive than the alleged theft and use of Irwin's credit cards and was not likely to "rouse the jury to 'overmastering hostility.'" *State v. White*, 668 N.W.2d 850, 855 (Iowa 2003) (citation omitted); *see also State v. Larsen*, 512 N.W.2d 803, 808 (Iowa Ct. App. 1993) (noting the potential prejudice of the uncharged crime was "neutralized by the equally reprehensible nature of the charged crime").

Even were the evidence improperly admitted, the admission was harmless error. "Reversal is not required for the erroneous admission of evidence unless prejudice results." *Rodriquez*, 636 N.W.2d at 244. "We presume prejudice under this approach unless the contrary is affirmatively established." *State v. Parker*, 747 N.W.2d 196, 209 (Iowa 2008). "When a nonconstitutional error is claimed,

as in this case, the test is whether the rights of the objecting party have been 'injuriously affected by the error' or whether the party has 'suffered a miscarriage of justice.'" *Id.* (citation omitted). "[W]here the other evidence overwhelmingly establishes the defendant's guilt, we have applied the harmless error doctrine." *Rodriquez*, 636 N.W.2d at 244; *see also State v. Caples*, 857 N.W.2d 641, 648 (Iowa Ct. App. 2014). Here, the evidence establishes that Ennenga appeared unannounced at Irwin's door, though the parties had rarely seen each other in the last ten years. Ennenga wandered around Irwin's house while Irwin was speaking with Denise; the couple then left within an hour of their arrival. After Denise and Ennenga departed, Irwin discovered the cash and her credit cards were gone. It is undisputed that Ennenga had and used the credit card. We conclude any error was harmless.

### B.     Ineffective Assistance of Counsel

In closing arguments, the prosecution stated, referring to Irwin, "[defense counsel] wants to attack a little old lady." Ennenga argues this statement constitutes prosecutorial misconduct. To prove prosecutorial misconduct, Ennenga must demonstrate both that the prosecution engaged in misconduct and that prejudice resulted. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). When determining whether prejudice resulted, the court must consider:

> (1) the severity and pervasiveness of the misconduct; (2) the significance of the misconduct to the central issues in the case; (3) the strength of the state's evidence; (4) the use of cautionary instructions or other curative measures; and (5) the extent to which the defense invited the misconduct.

*Id.* (citations omitted). Although we agree the statement made by the prosecution was misconduct, Ennenga cannot demonstrate the requisite

prejudice.  Here, at issue is a single comment directed at the conduct of defense counsel in cross-examining a witness.  Defense counsel had an obligation to attempt to discredit the witness.  While the comment was improper, the prosecutor's conduct was neither severe nor pervasive.  *See Martin v. State*, No. 12-2240, 2014 WL 69542, at *8 (Iowa Ct. App. Jan. 9, 2014) ("Regarding the severity and the pervasiveness of the conduct, we note [the defendant's] complaints solely arise in the context of closing argument.").  Further, the single comment did not go to the central issue of the case.  The primary dispute was whether Ennenga had authorization to use the card, not his trial counsel's treatment of a testifying witness.  The State had strong evidence against Ennenga—it had video evidence of Ennenga using the credit card and testimony from the credit card owner that this use was not authorized.  Additionally, the jury was specifically instructed that statements by the attorneys did not constitute evidence the jury could consider in reaching its verdict.  *See State v. Musser*, 721 N.W.2d 734, 756 (Iowa 2006) ("In addition, the jurors were instructed they were to decide the defendant's guilt or innocence 'from the evidence and the law in these instructions,' and that evidence did not include '[s]tatements, arguments, and comments by the lawyers.'" (alteration in original)).  Upon balancing the above factors, we conclude any misconduct by the prosecution in closing argument did not create sufficient prejudice.  *See id.* (noting the statements made in opening and closing arguments were not prejudicial where "[t]he evidence against the defendant was strong, the comments did not go to a central issue of the case, and the improper statements by the prosecution were isolated").  Accordingly, Ennenga's trial counsel cannot have been ineffective in

failing to perform a duty. *See State v. Brothern*, 832 N.W.2d 187, 192 (Iowa 2013) ("We will not find counsel incompetent for failing to pursue a meritless issue." (citation omitted)).

### C. Substantial Evidence

Ennenga argues there was insufficient evidence presented at trial to support he lacked authorization to use his step-mother's credit card or that he knew the credit card was stolen. Irwin testified at trial she had not given her credit card to Ennenga and had not authorized him to use it. Ennenga contends this evidence is insufficient because Irwin was taking several medications at the time, which could have impacted her memory. The jury is free to accept or reject the testimony of any witness and give whatever weight to testimony they believe it should receive. *See State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006); *see also State v. Brown*, 856 N.W.2d 685, 689 (Iowa 2014) ("In our system of justice, it is the jury's function to determine the credibility of witnesses." (citation omitted)). There was substantial evidence to support the jury's conclusion Ennenga lacked authorization to use the credit card; thus, we affirm the district court.

### IV. Conclusion

For the reasons stated above, we affirm Ennenga's conviction and sentence.

**AFFIRMED.**