# IN THE COURT OF APPEALS OF IOWA

No. 22-0568
Filed October 11, 2023

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**SEAN PATRICK HUFFMAN,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Mark D. Cleve, Judge.

Sean Patrick Huffman appeals his convictions for sexual abuse. **AFFIRMED.**

Karmen Anderson, Des Moines, for appellant.

Brenna Bird, Attorney General, and Thomas E. Bakke and Benjamin Parrott, Assistant Attorneys General, for appellee.

Considered by Bower, C.J., and Ahlers and Chicchelly, JJ.

**BOWER, Chief Judge.**

Sean Patrick Huffman appeals his convictions for sexual abuse in the second degree, in violation of Iowa Code section 709.3 (2014), and sexual abuse in the third degree, in violation of Iowa Code section 709.4. We find no abuse of the court's discretion in denying Huffman's motion to continue and in reopening the record at trial. We do not address his structural-error and cumulative-error claims, which are ineffective-assistance-of-counsel issues we are not able to address on direct appeal. We affirm.

**I. Background Facts & Proceedings.**

In the spring of 2014, Huffman was living with his then-girlfriend and her three minor children, including E.A. and M.C. The mother worked nights at a hospital, leaving the children under Huffman's supervision. In late spring or early summer, E.A. told the mother Huffman had climbed in bed with her and she was uncomfortable with him, but did not share any further details; E.A. did not want to file a police report. The mother kicked Huffman out of the house. A few months later, E.A. told her father what happened, and they went to the police. E.A. told the police about Huffman getting into bed with her but did not report any touching. At that time, M.C. denied anything happened to her. In 2020, after reaching an emotional low point, M.C. told her mother Huffman touched her inappropriately in 2014. Once M.C. shared what happened, E.A. also spoke up about the extent of her abuse by Huffman. Both M.C. and E.A. shared their story with law enforcement. In May 2021, Huffman was charged with one count of sexual abuse in the second degree and one count of sexual abuse in the third degree.

When arraigned, Huffman exercised his right to a speedy trial, and a jury trial was scheduled for June. Ten days before trial, Huffman requested and was granted a continuance to August. After a status conference, Huffman requested another continuance; Huffman waived his right to a speedy trial, and trial was reset for September. On July 28, after the trial had been rescheduled, Huffman withdrew his speedy trial waiver, resetting the ninety-day trial clock. *See State v. Hamilton*, 309 N.W.2d 471, 475 (Iowa 1981) ("[W]hen a waiver of the right to a speedy trial is withdrawn, the defendant must be tried within ninety days from the date of withdrawal unless good cause to the contrary be shown.").

On Friday, September 17, defense counsel filed a motion to continue, noting the identification of additional defense witnesses and citing counsel's own large caseload of court-appointed cases as hindering investigation and trial preparation. At a hearing that afternoon, the State objected, stating trial had already been continued from July, a continuance was not requested at the pretrial conference and motion hearing held the day before, the request was last minute, Huffman's new witnesses related to prior-acts evidence barred by the court's ruling on a motion in limine, the State's witnesses had been subpoenaed for Monday, and the State's attorney had trials scheduled all other weeks through the end of Huffman's speedy-trial period. The court denied the motion, noting the prior continuances and the pretrial conferences where the asserted issues had not been raised. Trial began as scheduled on Monday, September 20.

At the jury trial, the State presented testimony from E.A., M.C., the mother, the children's older sibling, and investigators. The State also presented exhibits verifying the mother's employment during the relevant period and a traffic report

where Huffman's address was the same as the mother's. At the close of the State's evidence, Huffman moved for judgment of acquittal, which was denied. The defense offered testimony from two of Huffman's roommates and a former coworker to establish Huffman lived some place other than with the mother. The defense rested. The State had emailed a potential rebuttal witness but, without receiving an immediate answer, did not think any rebuttal evidence would be presented. The defense moved again for judgment of acquittal, which was denied. After a lunch break and before closing arguments began, the State moved to reopen the record for testimony of the rebuttal witness, and the court granted the motion. The rebuttal witness was employed by the Iowa Department of Transportation and testified to the address on Huffman's driver's license in 2014—Huffman's residence was a subject discussed by all three defense witnesses.

The jury convicted Huffman of sexual abuse in the second and third degree. He appeals.

**II. Analysis.**

Huffman asserts four claims on appeal. First, Huffman contends the court's denial of his motion to continue violated his constitutional rights to due process and a fair trial. Second, he asserts the court abused its discretion in allowing the reopening of the record. Third, he maintains trial counsel provided ineffective assistance amounting to structural error, and last, cumulative errors necessitate a new trial.

*Motion to continue.* We first address Huffman's claim the district court abused its discretion in denying his motion to continue, which was filed the Friday before the scheduled Monday trial start date.

Motions to continue criminal cases are discouraged and "shall not be granted except upon a showing of good and compelling cause." Iowa R. Crim. P. 2.9(2). The decision whether to grant the motion is discretionary, and "[i]t will not be disturbed on appeal unless an injustice has resulted." *State v. Artzer*, 609 N.W.2d 526, 530 (Iowa 2000). Huffman asserts the court's denial of the motion deprived him of his right to effective assistance of counsel. Because the decision was not challenged on a constitutional basis below, we do not consider it on that basis here. *See State v. Leutfaimany*, 585 N.W.2d 200, 209 (Iowa 1998).

When ruling on a motion to continue, the court has to consider "the interest of the State and defendant in a speedy and fair trial." *Id.* Counsel waited until after the pretrial conference before moving to continue the trial, having received two other continuances, and in the face of Huffman's reassertion of his right to a speedy trial. The court acknowledged it was "a tough situation for all concerned" and a difficult balancing test with "the State, the victims, the defendant, defense counsel, and the court," but also noted the pretrial conferences where these issues had not been raised. Considering all the factors facing the court and the parties, the court's decision to deny yet another continuance was not an abuse of discretion.

*Reopening of record.* Huffman asserts the State requested reopening the record to address a deficiency in its prima facie case to prove his residency as an element of the offense.[1] "A district court has broad discretion to reopen the record

---

[1] Huffman claims his residency was an element of both offenses. The elements of sex abuse in the second degree only involved Huffman "perform[ing] a sex act with M.C." and M.C. being younger than twelve years of age at the time of the offense.

to allow the State to introduce further evidence." *State v. Long*, 814 N.W.2d 572, 575 (Iowa 2012). "[T]he discretion afforded in these situations 'must necessarily be especially broad.'" *Id.* at 576 (citation omitted). "A court abuses its discretion when its 'discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable.'" *Id.* (citation omitted).

"[T]here are issues of justice and fairness to the defendant which are implicated any time the court is asked by the State to reopen the record." *Id.* at 577. The court must balance "the defendant's interest in fairness and the court's search for truth." *Id.* (citation omitted). The district court should consider seven factors in exercising its discretion:

> (1) the reason for the failure to introduce the evidence; (2) the surprise or unfair prejudice inuring to the opponent that might be caused by introducing the evidence; (3) the diligence used by the proponent to secure the evidence in a timely fashion; (4) the admissibility and materiality of the evidence; (5) the stage of the trial when the motion is made; (6) the time and effort expended upon the trial; and (7) the inconvenience reopening the case would cause to the proceeding.

*Id.* at 578 (citation omitted).

In ruling on the motion, the court provided its reasoning:

> [F]irst of all, that it is appropriate rebuttal evidence, and after weighing the factors that have been articulated in the case[law] . . . the court does not find that it involves any undue surprise or prejudice and that the State has used appropriate diligence under the circumstances to obtain the rebuttal evidence, and that at the juncture we are in this trial, that it is appropriate to re-open the record again briefly for the witness, which the court understands will not be a lengthy witness or presentation of evidence. And for all of those reasons . . . , the court finds that on balance that those factors do favor re-opening the evidence at the request of the State.

---

Huffman's status as a member of the same household as E.A. was an element of sexual abuse in the third degree.

We agree with the district court. The witness testimony offered on the reopening of the record was rebuttal, not to address any deficiency in the State's case as Huffman claims. The State had already offered testimony from the mother and three children about Huffman residing with them and introduced a traffic report from the relevant time period placing Huffman's residency with the family. Considering all the factors set forth in *Long* as applied in these circumstances, the court did not abuse its discretion in reopening the record.

*Ineffective assistance of counsel.* Claims of ineffective assistance of counsel "shall not be decided on direct appeal from the criminal proceedings." Iowa Code § 814.7 (2022); *accord State v. Treptow*, 960 N.W.2d 98, 107–08 (Iowa 2021) ("There is no due process right to present claims of ineffective assistance of counsel on direct appeal."). Huffman attempts to circumvent this statutory prohibition by asserting counsel's performance was so deficient as to amount to structural error. In the alternative, he urges us to adopt the plain error doctrine to address his ineffective-assistance claim.

"Structural errors are 'structural' because they affect 'the framework within which the trial proceeds,' 'infect the entire trial process,' and undermine the ultimate 'determination of guilt or innocence.'" *State v. Brimmer*, 983 N.W.2d 247, 270 (Iowa 2022) (citations omitted). For a structural error to be a reversible error, it must "render a trial fundamentally unfair." *Thongvanh v. State*, 938 N.W.2d 2, 13 (Iowa 2020) (citation omitted). While claims of structural error can be determined on direct appeal, *see Brimmer*, 983 N.W.2d at 270, Huffman's assertions fall within the range of ineffective-assistance claims, not structural-error claims. *See State v. Feregrino*, 756 N.W.2d 700, 706–07

(Iowa 2008) (discussing structural defects and occasions of presumed prejudice in ineffective-assistance-of-counsel claims).

As for Huffman's request for a plain error review, our supreme court has "repeatedly rejected plain error review," *Treptow*, 960 N.W.2d at 109, and we are not at liberty to overrule their precedent, *see Bomgaars v. State*, 967 N.W.2d 41, 48 n.4 (Iowa 2021).

*Cumulative errors.* In his last claim, Huffman asserts the multiple failures of counsel were so substantial he was completely denied counsel at the crucial stages of the proceeding. This, like his structural error argument, is an attempt to assert an ineffective-assistance-of-counsel claim under a different name. As such, we cannot decide the issue on direct appeal. Iowa Code § 814.7.

We conclude the district court did not abuse its discretion in denying Huffman's motion to continue or in reopening the record. We may not decide Huffman's ineffective-assistance claims on appeal. Thus, we affirm.

**AFFIRMED.**