STATE of Iowa, Appellee,

v.

Bryan Patrick TEETERS, Appellant.

STATE of Iowa, Appellee,

v.

Larry LARSEN, Appellant.

No. 90–1118.

Supreme Court of Iowa.

July 22, 1992.

347

Linda Del Gallo, State Appellate Defender, and Shari Barron, Asst. State Appellate Defender, for appellants.

Bonnie J. Campbell, Atty. Gen., Julie Ann Halligan, Asst. Atty. Gen., and Richard Crowl, County Atty., for appellee.

HARRIS, Justice.

Defendants' appeals from convictions of attempted murder and willful injury present three assignments of error. One challenges the trial court's refusal to continue trial in order to procure the presence of a subpoenaed witness. A second challenges a refusal to reopen evidence for testimony of that witness. The third challenges the appropriateness of judgment because of the jury's failure to answer an interrogatory. We find no merit in the assignments and affirm the judgments of the trial court.

Because of the thrust and nature of the assignments, it is unnecessary to detail the facts. It is sufficient to explain that defendants Bryan Teeters and Larry Larsen entered a house occupied by the three acquaintances who became the victims in the case. Defendants entered on the pretext of needing help to start a car. The attacks which followed were unprovoked. Defendant Teeters asked Jerry Peeler for a cigarette and, after telling him he was a dead

man, began indiscriminately shooting. Jerry Peeler was shot at least four times and received treatment for wounds to the jaw, back, and left thigh. Lisa Peeler was treated for two gunshot wounds, one in her right hip and one in the calf of her right leg. Rex Livingston, the third victim, was treated for wounds in the stomach, groin, leg, and nose.

After a joint trial, a jury found both Teeters and Larsen guilty of three charges: two counts of attempted murder and one count of willful injury in violation of Iowa Code sections 707.11 and 708.4 (1989). On appeal the cases were transferred to the court of appeals which affirmed Larsen's conviction. That court however vacated the enhanced sentence entered against Teeters because the jury failed to answer a special interrogatory asking if he was armed with a firearm. We granted further review in both cases.

I. Before resting their case, defendants sought a continuance of the trial to secure the testimony of Josh Herman, who failed to appear despite a subpoena directing him to do so. Herman's testimony might have been helpful to both defendants because it contradicted prosecution evidence placing them at the scene, as well as describing their other activities, on the night in question. Herman's testimony was especially important to support Larsen's alibi defense, according to which Larsen, Larsen's brother Chris, and the missing witness were together at a recreation area during the time of the shootings.

■ The ruling denying defendants' motion for continuance was discretionary and therefore calls for reversal only upon a showing of abuse of that discretion. *State v. Slayton*, 417 N.W.2d 432, 435 (Iowa 1987).

Many trial continuances are sought on legitimate grounds. In spite of careful plans and diligent preparations, an unanticipated event will on occasion necessarily precipitate a continuance motion. It is far from unknown, on the other hand, for continuance motions to serve as a mere delaying tactic. We call upon our trial judges to do justice to those needing and deserving a continuance, while at the same time resolutely moving the trial assignment toward the speedy resolution of cases. The trial judge must sense whether a given continuance motion stems from a legitimate need, or from a wish to delay. From its closer vantage point, the trial court can better sort through these matters than an appellate court can.

■ The circumstances here are especially appropriate for allowing trial court discretion. No attempt was made to estimate how long it would take to find Herman. His address and whereabouts, notwithstanding efforts to locate him, were at that time unknown. We find no basis to interfere here with the trial court's exercise of its broad discretion.

II. A decidedly closer question is presented on defendants' challenge to the trial court's refusal to reopen evidence to receive Herman's testimony. The motion to reopen was made before final arguments to the jury, and thus also before instructions were read to the jury. Herman was present at the time and ready to testify. The ruling denying the motion was also discretionary. *Stanford v. Iowa State Reformatory*, 279 N.W.2d 28, 35 (Iowa 1979); *State v. Conner*, 241 N.W.2d 447, 461 (Iowa 1976); *see generally* 23A C.J.S. *Criminal Law* § 1223, at 103 (1989); 89 C.J.S. *Trial* § 591, at 375 (1955); 75 Am. Jur.2d *Trial* § 379, at 576 (1991).

■ The following factors weigh in determining whether a case should be reopened for additional evidence: (1) the reason for the failure to introduce the evidence; (2) the surprise or unfair prejudice inuring to the opponent that might be caused by introducing the evidence; (3) the diligence used by the proponent to secure the evidence in a timely fashion; (4) the admissibility and materiality of the evidence; (5) the stage of the trial when the motion is made; (6) the time and effort expended upon the trial; and (7) the inconvenience reopening the case would cause to the proceeding. *See* 75 Am.Jur.2d *Trial* § 382, at 579 (1991).

■ At least some of these factors militate in favor of reopening. The trial court believed its refusal to reopen the case was justified at least in part because it considered Herman's proffered testimony to be cumulative. The value of the testimony to Larsen, though, cannot be so easily written off. Larsen's alibi was supported only by his own out-of-court statement and by the testimony of his brother. Larsen would have preferred to have the alibi defense bolstered by less interested witnesses.

On the other hand the discretion accorded here must necessarily be especially broad. Judicial administration of the trial calendar is implicated. Jury instructions, though not yet read, had been prepared and presented to counsel. Instructions are and must be shaped to the evidence in the case, and both parties had stated the evidence was complete before the instructions were presented.

The standard for finding abuse, however, requires us to find "that such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Morrison*, 323 N.W.2d 254, 256 (Iowa 1982). As the court of appeals did, we find the exercise of discretion here fell short of "clearly unreasonable."

■ III. The third assignment of error relates only to Teeters' appeal. His sentence was enhanced pursuant to Iowa Code section 902.7 (must serve minimum five-year sentence if forcible felony is perpetrated by use of firearm). Teeters contends, and the court of appeals agreed, that section 902.7 could not be imposed because the jury failed to answer an interrogatory. Section 902.7 is implemented by Iowa rule of criminal procedure 21(2), which requires the submission of a special interrogatory to the jury when a defendant is alleged to be subject to its minimum sentence provision. The rule also requires the jury to "return with the general verdict answers to special interrogatories...."

Although an instruction directed the jury to answer it, the jury failed to answer the special interrogatory relating to section 902.7. Instead the jury foreman signed only the first line of the three "forms of verdict" submitted. It is apparent the jury failed to notice the interrogatory notwithstanding the instruction directing them to answer it.

Although the court was aware of the jury's failure to answer the interrogatory, it ignored the failure and simply dismissed the jury. At sentencing the trial court concluded that the mandatory minimum sentence required by section 902.7 was applicable, without even referring to the jury's failure to answer the interrogatory.

The court of appeals felt obliged to reverse Teeters' enhanced sentence by reason of the following language in *State v. Mumford*, 338 N.W.2d 366, 370–71 (Iowa 1983):

> In application of rule 21(6) to situations where special findings of the jury *conflict* with the general verdict, we are persuaded that trial courts should have some of the alternatives in criminal cases which Iowa Rule of Civil Procedure 206 provides in civil cases. That rule gives the trial court in civil cases the alternative of (a) accepting the verdict and entering judgment consistent with the special findings, (b) sending the matter back to the jury for further deliberation, or (c) ordering a new trial. While we have substantial doubt that the first alternative should ever be availed of in a criminal trial, we approve use of the latter two in criminal cases.

(Emphasis added.) We think reversal is not appropriate here. To be sure, the verdict was not in proper form; the interrogatory should have been answered. The trial court should have been alert to the deficiency and should have directed the jury to return to its deliberations in order to supply an answer.

The deficient jury form was, however, not in conflict with the general verdict. Indeed there was no way the jury could have found Teeters guilty of the forcible felony without finding he used a firearm. For each of the three felonies charged, the jury was instructed, among other things, that Teeters could not be found guilty unless the jury found he "shot" the victim.

In finding Teeters guilty of these offenses, the jury necessarily concluded that Teeters shot the victims. He could not have done so without using a firearm. The jury, therefore, found beyond a reasonable doubt that a firearm was used in committing the offenses. Because this case did not involve a conflict between a special interrogatory and a general verdict, the court of appeals' reliance on *Mumford* was misplaced.

We find any error in the form of verdict was harmless beyond a reasonable doubt.

DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED.

All Justices concur except LARSON, J., who takes no part.