# IN THE COURT OF APPEALS OF IOWA

No. 24-1075
Filed July 2, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DANIEL CRAIG JONES,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, John D. Telleen (Trial) and Henry W. Latham, II (Sentencing), Judges.

        A criminal defendant appeals from fifteen convictions relating to drug-dealing and the prostitution, solicitation, and sexual abuse of middle- and high-school girls. **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

        Considered without oral argument by Schumacher, P.J., and Buller and Sandy, JJ. Telleen, S.J., takes no part.

**BULLER, Judge.**

Daniel Jones appeals fifteen convictions relating to drug dealing and the prostitution, solicitation, and sexual abuse of four middle- and high-school girls. His complaints relate to denial of his motion for new trial, denial of his motion to continue the sentencing hearing, and the court's exercise of discretion when it sentenced him to prison for two hundred fifty-five consecutive years. We affirm.

## I.      Background Facts and Proceedings

Given the procedural issues raised on appeal and a lack of challenge to the evidence supporting the convictions, we do not dwell on the facts of this case. Suffice to say the details of how Jones groomed, exploited, solicited, and sexually abused the girls filled multiple days of trial transcript. The jury not only heard from the victims, but they also heard Jones's confession to the elements of numerous offenses and saw cell-phone forensics, including hundreds of text messages. On October 6, 2023, the jury found Jones guilty of the vast majority of charges he faced.[1]

On November 14 (two weeks before sentencing was scheduled), Jones's privately retained attorney moved to withdraw on the grounds that Jones was out

---

[1] In total, Jones was convicted of two counts of prostitution, class "D" felonies in violation of Iowa Code section 725.1(2)(b) (2022); four counts of sexual exploitation of a minor by solicitation, class "C" felonies in violation of section 728.12(1); three counts of distributing marijuana to a minor, special class "B" felonies in violation of section 124.406(1)(a); one count of distributing Xanax to a minor, an aggravated misdemeanor in violation of section 124.406(1)(c); one count of lascivious acts with a child by fondling, a class "C" felony in violation of section 709.8(1)(a); one count of lascivious acts with a child by solicitation, a class "D" felony in violation of section 709.8(1)(a); one count of indecent contact with a child, an aggravated misdemeanor in violation of section 709.12(b); and two counts of sexual abuse in the second degree, class "B" felonies in violation of section 709.3(1)(b).

of money; the court denied that motion pending further request from Jones.  Jones later sent the court a letter complaining that his privately retained counsel wasn't filing the motions Jones wanted and seeking new counsel.  The court continued sentencing and, on January 19, 2024, held a hearing on the motion to withdraw, ultimately granting privately-retained counsel's motion to withdraw and appointing new counsel.  In doing so, the court expressed that it was unlikely to grant a lengthy continuance of sentencing "for instance, to prepare a transcript of the trial or anything like that."  Jones also did not want a lengthy delay, explaining he "didn't want to have all this stuff being extended either."

At sentencing on January 26, newly-appointed counsel moved orally to continue sentencing so he could potentially file post-trial motions.  He admitted they were already "well past"[2] the filing deadline for those motions but asked the court to find good cause so he could order preparation of the trial transcript.  The State resisted, pointing to the untimeliness of any post-trial motions and explaining that "a lot of people are here in court today to get this resolved"—presumably referring to the victims and their families, in addition to the lawyers and the court. The court commented on the potential for a postconviction action and granted a continuance.  Then newly-appointed counsel orally moved to withdraw, citing his workload.  The court granted the motion and appointed a second new lawyer.  And the court set sentencing for April 19.

Transcripts were ordered, prepared, and sent to the new lawyer.  When transcripts were not ready until several days before the April sentencing hearing,

---

[2] Jones concedes the forty-five-day post-verdict deadline ran on or about November 20, 2023.

another motion to continue was made (but not docketed), and the court re-set sentencing for June 14. At the June hearing, the second appointed lawyer again moved to continue sentencing, asking for "additional opportunity to review [the trial transcripts and evidence] in further detail and make a written motion in support of the oral motion [for new trial]," such that she would have "the maximum opportunity to make the appropriate record." The State resisted, reiterating the timeline set forth above and explaining that once again there were "a number of people obviously here in the courtroom who are affected by this case and the defendant's conduct who are here to have a sentencing hearing." The court denied the continuance, explaining that it believed counsel could "adequately present to [the court] an oral motion" on the new-trial issue.

Defense counsel made an oral motion for new trial alleging a discovery violation, that there was "insufficient" evidence, and that the verdict was against the weight of the evidence. The State resisted. And the court denied the motion as both untimely and meritless.

The defense made a lengthy pitch for leniency in sentencing, claiming in part that the sheer volume and severity of the counts at issue amounted to a life sentence "[e]ven if they all run concurrently." Jones said in allocution: "So I know this is the point to where I'm supposed to show remorse for crimes, especially like this, but I have maintained my innocence from day one and I still maintain my innocence." He claimed the prosecutor sought an "excessive sentenc[e]" compared to other child molesters and rapists (whose names he listed off). The county attorney filed a sentencing memorandum and orally stressed Jones's lack of remorse, the number of victims and nature of the offenses, and the danger to

the community if Jones was not incapacitated with incarceration. A victim, a victim's mother, and a victim's father gave impact statements detailing the lasting trauma Jones inflicted with his crimes.

The court explained that the majority of its discretion at sentencing concerned whether it would run the forcible felonies concurrently or consecutively. The court told Jones about its duty to "consider the serious nature of the offenses that you have been convicted of in this case, also your willingness to accept change and treatment, and what's available to assist you in that process. I look at the least restrictive alternatives first and then proceed to the more restrictive alternatives." Then the court went count-by-count and explained why it ran some of the sentences concurrently and some consecutively. In concluding its remarks, the court summarized:

> [T]he reason for the consecutive sentencing is very clear, sir. There were five victims in this case. And your attorney very eloquently outlines for the Court that I should be considering the rehabilitation for you. But I also have to consider the protection of the community and how this has impacted these five victims. And your past criminal history, it's horrendous, and it warrants the consecutive sentencing that I have imposed here. This community has to be protected from you.
> And I'm going to note for the purposes of the record, and I think it's very important that I do so, it was very clear to me that during this entire proceeding you have been sitting there smirking, making very light of this entire situation. I do that because it's very important for the appellate courts to know that and they understand the reasoning for my sentencing today.
> The impact that this has had upon these victims, I can't even fathom to understand how they have been impacted. And I have a duty to protect this community, and I'm going to do so with the sentence that I have just imposed.

In total, the court sentenced Jones to two hundred fifty-five consecutive years in prison with a mandatory minimum of fifty-three and one-half years before parole. Jones appeals.

## II.     Discussion

Jones raises three claims on appeal relating to the new-trial motion, the request to continue sentencing a fourth time, and the court's exercise of its discretion at sentencing.  We consider each under the relevant standards of review.

### A.  Motion for New Trial

Jones first challenges the denial of his motion for new trial.  We review for an abuse of discretion on both questions of timeliness and the merits.  *See State v. Ary*, 877 N.W.2d 686, 705–06 (Iowa 2016); *State v. Alexander*, No. 07-2048, 2008 WL 5412283, at *1–2 (Iowa Ct. App. Dec. 31, 2008).

First, we discern no abuse of discretion and agree with the district court that the motion for new trial was untimely.  *See* Iowa R. Crim. P. 2.24(2)(a) (requiring such a motion be filed "not later than" forty-five days after the verdict *and* not later than five days before sentencing).  Jones's motion was at least six months untimely by the time sentencing was finally held.  *See id.*  In our view, the court was quite generous to grant Jones the multiple continuances and transcripts at state expense (which is a luxury virtually unheard of for defense attorneys filing new-trial motions).  But, as the State notes in its appellate brief, the continuances were not a "blank check to ignore all rules and requirements on timely filing, going forward."  And even if we excused the failure to file the new-trial motion within forty-five days of verdict, Jones still didn't comply with the separate requirement he file the motion

five days before sentencing. *See id.* We end our analysis here not only because we agree with the district court's conclusion the motion was untimely, but also because Jones does not offer any challenge to the merits of the new-trial ruling on appeal.

The only additional argument we discern from Jones's brief on this issue is his implication that the court abused its discretion because the record does not affirmatively disclose that the judge who heard the new-trial motion (different from the trial judge) had reviewed the transcripts. This argument was not preserved, and we have nothing to review as pertains to this claim. *Cf. State v. Goodson*, 958 N.W.2d 791, 806 (Iowa 2021) (finding error not preserved on recusal at a new-trial hearing when the issue wasn't raised until appeal). And even if this claim was preserved, Jones has not overcome the presumption of regularity and cannot point to any evidence the court ruled without reviewing the transcripts. *See State v. Pappas*, 337 N.W.2d 490, 494 (Iowa 1983) (discussing the presumption of regularity in the context of abuse-of-discretion review). This claim provides no basis for relief, no matter how we approach it.

**B. Motion for Fourth Continuance of Sentencing**

Jones next contends the district court should have continued sentencing a fourth time. "A trial court's ruling on a motion for continuance will not be interfered with on appeal unless it clearly appears that the trial court has abused its discretion, and an injustice has resulted therefrom." *State v. Grimme*, 338 N.W.2d 142, 144 (Iowa 1983) (cleaned up). This is the kind of courtroom-management call we entrust to the district court:

> We call upon our trial judges to do justice to those needing and deserving a continuance, while at the same time resolutely moving the trial assignment toward the speedy resolution of cases. The trial judge must sense whether a given continuance motion stems from a legitimate need, or from a wish to delay. From its closer vantage point, the trial court can better sort through these matters than an appellate court can.

*State v. Teeters*, 487 N.W.2d 346, 348 (Iowa 1992). Both the State's and defendant's interests are relevant. *See State v. Artzer*, 609 N.W.2d 526, 530 (Iowa 2000).

We discern no abuse of discretion in the district court's ruling here. First, we see no good cause for additional time in defense counsel's request below. Her word choice was that she wanted "further additional opportunity to review the trial transcripts" and a "maximum opportunity to make the appropriate record." Notably, she didn't say she was unprepared or unable to proceed. Lawyering is a deadline-driven profession, and while we recognize many lawyers in many cases would love more time to make better arguments, the hope that with more time you could do better for your client is no basis for a continuance—and certainly not to continue sentencing a fourth time. We also recognize the countervailing consideration that this was not the first time victims and other interested parties had come to court for sentencing, and the victims and their families have statutory rights that must be honored. *See* Iowa Code § 915.21 (2023). And we note our skepticism—apparently shared by the district court—of the sincerity of the request for continuance given that it was only made orally at the time for hearing rather than in writing ahead of time. The district court did not abuse its discretion in denying a last-minute request to continue sentencing a fourth time for no good reason.

### C. Discretion at Sentencing

Jones's last challenge relates to the court's exercise of discretion at sentencing. "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "[O]ur task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 725.

First, Jones claims the court failed to articulate reasons for sentencing him to prison on the non-forcible felonies. We disagree. The court expressly recognized that only some of the offenses required prison sentences and explained its overall sentencing scheme in significant detail, as reproduced in this opinion. The court was under no obligation to explain count-by-count why it rejected certain sentencing options. *See State v. Ayers*, 590 N.W.2d 25, 28 (Iowa 1999). And we have no trouble conducting appellate review of the court's exercise of discretion given the reasons the court offered on the record below. *See State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). This is no basis for relief.

Second, Jones claims the district court was required to separately articulate why it tripled the sentence for the drug-related convictions. *See* Iowa Code § 124.411(1). But we have rejected an identical challenge to this very enhancement. *See State v. Caulker*, No. 20-0820, 2021 WL 1661230, at *3 (Iowa Ct. App. Apr. 28, 2021); *see also State v. Vanover*, 559 N.W.2d 618, 634–35 (Iowa 1997). Again, the court was not required to explain why it rejected certain sentencing options, and its lengthy explanation of reasons is sufficient to enable

appellate review.  *See Ayers*, 590 N.W.2d at 28; *see also Thacker*, 862 N.W.2d at 408.  And there is nothing in the record to suggest the court thought it did not have discretion to not impose the enhancement.  *See Vanover*, 559 N.W.2d at 634–35.  *Contra State v. Moore*, 936 N.W.2d 436, 439–40 (Iowa 2019) (reversing where the court "incorrectly believed it had no discretion").  Under both our case law and the supreme court's precedent, Jones has identified no basis for relief relating to the enhancement.

### III.    Disposition

Having rejected all of Jones's claims, we affirm.

**AFFIRMED.**