# IN THE COURT OF APPEALS OF IOWA

No. 24-1034
Filed July 23, 2025

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**KEVIN RICHARD LANE,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Adam D. Sauer, Judge.

Kevin Lane appeals his conviction for driving while license denied or revoked. **AFFIRMED.**

Karmen Anderson, Des Moines, for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.

Considered without oral argument by Buller, P.J., Sandy, J., and Bower, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**BOWER, Senior Judge.**

Kevin Lane appeals his conviction for driving while license denied or revoked. Lane claims the district court erred by failing to grant his motion for judgment of acquittal, granting the State's motion to reopen the record, and "adding in an extra instruction to fill in the State's gap in evidence." Upon our review, we affirm.

## I.    Background Proceedings

The State charged Lane with driving while license denied or revoked, alleging:

> **KEVIN RICHARD LANE,** on or about November 15, 2023, in the County of Cerro Gordo, and State of Iowa, did drive a motor vehicle while his motor vehicle license was denied or revoked under Iowa Code Chapter 321J in violation of Section(s) 321J.21 of the Iowa Code [(2023)], a Serious Misdemeanor.

Lane pleaded not guilty and asserted his right to a speedy trial. He filed a motion in limine seeking to exclude his "prior criminal record" and "prior bad acts." At hearing on the motion, the State agreed, "if [Lane] doesn't testify, I wouldn't do that and if he does testify, it would only be, you know, crimes of—regarding his truthfulness."

The case proceeded to a jury trial. A Cerro Gordo County police officer testified he conducted a traffic stop on a vehicle being driven with an expired registration on November 15, 2023. The officer arrested the driver of the vehicle—Lane—upon realizing Lane "had a revoked status."

During its case-in-chief, the State submitted Exhibit 2, a redacted certified copy of Lane's driving record. The redactions, which were provided by defense

counsel, deleted all references to the grounds for Lane's citations, revocations, disqualifications, and suspensions.

Lane moved for judgment of acquittal following the State's case-in-chief, "on the basis that the State has failed to prove that the defendant was driving while revoked specifically under Chapter 321J." Defense counsel continued:

> So in this case I don't recall any testimony from the officer about the offense being revoked for an OWI [(operating-while-intoxicated conviction)]. The references to OWI have been redacted from the Certified Driving Record. Even if those offenses were not redacted from the Certified Driving Record, nowhere on the Certified Driving Record does it say specifically that this revoked under 321J; it just said that it's revoked, and so those records are not providing sufficient information to support a conviction and certainly not at a jury trial.

The State resisted, arguing Lane was

> trying to have his cake and eat it too. He can't both complain about references to OWI and then demand they be redacted and then say now that the State hasn't proven it so—and the reference to OWI test failure is a reference to 321J and there's no other OWI in the Code and so that's what that would be . . . .

The State asked the court to reopen the record to allow the State to introduce Exhibit 3, a partially redacted version of Lane's certified driving record. After a brief recess for the court to examine the exhibits, the court granted the State's request.

The court then turned back to Lane's motion for judgment of acquittal. Defense counsel maintained "even with" Exhibit 3, "the evidence is insufficient to convict the defendant on the basis of a violation of Iowa Code 321J.21 because nowhere on the Certified Driving Record does it say that the Department of Transportation revoked the defendant due to a violation of Iowa Code 321J . . . ." The district court overruled the motion for judgment of acquittal.

The jury found Lane guilty as charged. He appeals. Additional facts will be set forth below as relevant to the issues raised on appeal.

## II. Motion to Reopen the Record

Lane challenges the district court's decision to reopen the record to allow the State to introduce Exhibit 3, which is a slightly modified version of the certified driving record admitted in Exhibit 2. Whereas all explanatory sections of Exhibit 2 are redacted, Exhibit 3 provides as follows:

**History Information**

**Convictions**

| Citation Date | Conviction Date | ACD | Explanation | JUR | County |
|---|---|---|---|---|---|
| 11/07/2012 | 12/04/2012 | ■ | ■ | IA | Cerro Gordo |
| 08/19/2013 | 02/18/2014 | ■ | ■ ■ ■ | IA | Mitchell |
| 01/18/2016 | 05/24/2016 | ■ | ■ ■ ■ | IA | Cerro Gordo |
| 10/13/2022 | 06/20/2023 | A20 | Operating While Intoxicated | IA | Cerro Gordo |

**Operating While Intoxicated Test Refusal/Test Failure Violations**

| Occurrence | ACD | Explanation | JUR | County |
|---|---|---|---|---|
| 08/19/2013 | ■ | ■ | IA | Mitchell |
| 01/18/2016 | ■ | ■ ■ | IA | Cerro Gordo |
| 10/13/2022 | ■ | ■ ■ | IA | Cerro Gordo |

**Accidents - Accident involvement indicated does NOT mean the individual was at fault or given a citation.**

| Accident Date | JUR | Case Number |
|---|---|---|
| 09/19/2021 | IA | 1261042 |

**Sanctions**

| Type | Effective | End | ACD | Explanation | JUR | Occurrence JUR |
|---|---|---|---|---|---|---|
| Revoked | 08/30/2013 | 02/25/2014 | ■ | ■ ■ | IA | IA |
| Disqualified | 10/08/2013 | 10/07/2014 | ■ | ■ ■ | IA | IA |
| Revoked | 01/29/2016 | 01/28/2017 | ■ | ■ ■ | IA | IA |
| Revoked | 12/27/2022 | 12/27/2022 | ■ | ■ ■ ■ | IA | IA |
| Revoked | 03/27/2023 | 03/24/2024 | A98 | OWI Test Failure | IA | IA |
| Revoked | 07/10/2023 | 07/07/2029 | A20 | Operating While Intoxicated | IA | IA |
| Suspended | 09/30/2023 | INDEFINITE | ■ | ■ ■ ■ ■ | IA | IA |

We review this claim for abuse of discretion. *State v. Teeters*, 487 N.W.2d 346, 348 (Iowa 1992).

Preliminarily, as it relates to the admission of Exhibit 3, the State contends "[a]ny error was invited by Lane." Indeed, Lane drafted Exhibit 2; at trial, defense

counsel explained, "That's the one that I provided [the State] with the redactions so I have no objection." After the State closed its case-in-chief, defense counsel moved for judgment of acquittal, claiming the State failed to prove Lane "was driving while revoked." To support the claim, defense counsel stated in part, "The references to OWI have been redacted from the Certified Driving Record." However, "[a] litigant cannot complain of error which he has invited or to which he has assented." *Carter v. State*, No. 23-1592, 2025 WL 1452954, at *2 (Iowa Ct. App. May 21, 2025) (quoting *McCracken v. Edward D. Jones & Co.*, 445 N.W.2d 375, 378 (Iowa Ct. App. 1989)).

In any event, even if we were to reach the merits of Lane's claim, we would find it unpersuasive. "A district court has broad discretion to reopen the record to allow the State to introduce further evidence." *State v. Long*, 814 N.W.2d 572, 575 (Iowa 2012). The discretion "must necessarily be especially broad" because "[j]udicial administration of the trial calendar is implicated." *Teeters*, 487 N.W.2d at 349. "A court abuses its discretion when its 'discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable.'" *Long*, 814 N.W.2d 576 (citation omitted).

In reviewing the district court's exercise of discretion, we weigh several factors

> in determining whether a case should be reopened for additional evidence: (1) the reason for the failure to introduce the evidence; (2) the surprise or unfair prejudice inuring to the opponent that might be caused by introducing the evidence; (3) the diligence used by the proponent to secure the evidence in a timely fashion; (4) the admissibility and materiality of the evidence; (5) the stage of the trial when the motion is made; (6) the time and effort expended upon the trial; and (7) the inconvenience reopening the case would cause to the proceeding.

*Teeters*, 487 N.W.2d at 348.

In ruling on the State's motion, the court stated:

> So I've had a chance to look at these here and think about this here. Ultimately, [defense counsel], to allow [the State] to reopen the record and allow [the State] to offer a driving record that has—that shows one of these OWI sanctions, not, obviously, the history, but the one that would be at issue here certainly is fair and it's not prejudicial. I don't think you can—You can't object to the State's exhibit with these convictions, and specifically the sanction, and then provide a redacted document that you're in agreement with that eliminates that and then argue afterwards that the State has failed to prove something when you asked for all of that to be redacted. So I'm going to allow the State to—I'm going to reopen the record for the State to be able to allow them to offer a Certified Abstract of Driving Record that shows the OWI conviction and sanction that's relevant to the date of this offense, and so I'll allow the State an opportunity to do that.

Upon our review of these circumstances as well as the *Teeters* factors, "we find the exercise of discretion here fell short of 'clearly unreasonable.'" *See id.* at 349. We affirm on this issue.

## III.    Jury Instruction 11

Lane challenges the court's addition of Instruction 11 to the jury instructions, which states, "A person who is convicted in the State of Iowa for 'Operating while Intoxicated' is in violation of Iowa Code chapter 321J." Although Lane acknowledges the instruction "was not a misstatement of the law," he claims he was prejudiced by it because "it gave the State an unproven element that was fatal to their case." We review this challenge for correction of errors at law. *State v. Hanes*, 790 N.W.2d 545, 548 (Iowa 2010).

To sustain a driving-while-license-denied-or-revoked charge, "the State must prove beyond a reasonable doubt that the defendant's license had been

revoked, and the defendant operated a motor vehicle while his license was revoked." *State v. Stone*, 764 N.W.2d 545, 548 (Iowa 2009); *accord State v. Thompson*, 357 N.W.2d 591, 594 (Iowa 1984) ("In the marshalling instruction, the State was required to prove beyond a reasonable doubt that (1) defendant's license had been revoked, and (2) defendant had operated a motor vehicle while his license was thus revoked. We conclude that this instruction was sufficient to convey to the jury the elements of the offense."). In other words, the State did not need to present evidence regarding "the basis for the revocation." *See Thompson*, 357 N.W.2d at 594.

Moreover, the instructions provided by the court correctly stated the law. *See* Iowa Code §§ 321J.2, .12, .21. "[T]he court is not required to give any particular form of an instruction; rather, the court must merely give instructions that fairly state the law as applied to the facts of the case." *State v. Booth-Harris*, 942 N.W.2d 562, 581 (Iowa 2020) (alteration in original) (citation omitted). We evaluate the instruction "in context with other instructions relating to the criminal charge, not in isolation." *State v. Kraai*, 969 N.W.2d 487, 490 (Iowa 2022) (citation omitted). "Because the challenged instruction is a correct statement of law, applies to the facts here, and is not embodied elsewhere in the instructions, we affirm" on this issue. *See State v. Weiner*, No. 23-1179, 2024 WL 4220590, at *4 (Iowa Ct. App. Sept. 18, 2024).

## IV. Motion for Judgment of Acquittal

Finally, Lane challenges the sufficiency of the evidence supporting his conviction. We review this claim for correction of errors at law. *State v. Cook*, 996 N.W.2d 703, 708 (Iowa 2023). "Under this standard, the court is highly deferential

to the jury's verdict. We will affirm the jury's verdict when the verdict is supported by substantial evidence." *State v. Lacey*, 968 N.W.2d 792, 800 (Iowa 2021). Evidence is considered substantial if it could convince a rational fact finder of the defendant's guilt beyond a reasonable doubt. *Cook*, 996 N.W.2d at 708. In making this determination, we view the evidence and all reasonable inferences that can be drawn from it in the light most favorable to the State. *Lacey*, 968 N.W.2d at 800. The question is whether the evidence supports the finding the jury made, not whether it would support a different finding. *Id.*

The jury was instructed the State had to prove the following elements of driving while license denied or revoked: "On or about the 15th day of November, 2023, the Defendant drove a motor vehicle while his motor vehicle license was denied or revoked under Iowa Code Chapter 321J." *See* Iowa Code § 321J.21(1). And as noted above, the jury was further instructed: "A person who is convicted in the State of Iowa for 'Operating while Intoxicated' is in violation of Iowa Code chapter 321J."

Lane claims the evidence was insufficient to prove his license was revoked "due to a violation of chapter 321J." Lane concedes he was driving, and he does not appear to contest the fact his license was revoked while he was driving. Instead, he maintains the State failed to prove his revocation was due to a chapter 321J violation. But as we observed above, the basis for Lane's revocation was unnecessary to prove his guilt. In any event, there was sufficient evidence in the record for the jury to reasonably infer Lane's revocation was for an OWI—a chapter 321J violation. Substantial evidence supports Lane's conviction for driving while license denied or revoked.

Having addressed the issues raised by Lane on appeal, we affirm.

**AFFIRMED.**