# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0586
Filed April 29, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Monte Dean Neubauer,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Cerro Gordo County,
The Honorable Karen Kaufman Salic, Judge.

———————————

**AFFIRMED**

———————————

Nathan A. Olson of Branstad & Olson Law Office, Des Moines, attorney for
appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Tabor, C.J., and Chicchelly and Sandy, JJ.
Opinion by Sandy, J.

**SANDY, Judge.**

This appeal turns less on what the district court denied than on what the defendant declined. Despite receiving a continuance, advance notice of the rescheduled hearing, and additional opportunities to confer with counsel and present mitigating evidence, Monte Neubauer proceeded to sentencing and now challenges both the process and the result. Finding no abuse of discretion in either the denial of a further continuance or the imposition of consecutive sentences, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

Neubauer was charged in two separate Cerro Gordo County matters arising from events occurring in November 2024. The State charged Neubauer with eluding and driving while barred following an incident on November 15. Law enforcement attempted to stop Neubauer while he was operating a motor vehicle with a barred license. Neubauer did not immediately stop but continued driving to his residence while generally complying with traffic laws.

Less than two weeks later, on November 26, officers encountered Neubauer in connection with outstanding probation-violation warrants. During that encounter, a search of his person yielded a small quantity of methamphetamine, leading to a charge of possession of a controlled substance, third offense.

On February 4, 2025, Neubauer entered guilty pleas to possession of a controlled substance, third offense, and eluding. As part of the resolution, the State dismissed the driving-while-barred count in the earlier case. The district court accepted his pleas and scheduled sentencing for March 4.

2

Before sentencing, Neubauer moved to withdraw his guilty pleas and stipulations related to probation violations. The district court set the matter for hearing and, upon request, granted a continuance to allow additional preparation following the filing of the presentence investigation report. The hearing was scheduled for March 10.

At the hearing, Neubauer withdrew his motion to withdraw his pleas but requested an additional continuance, citing limited preparation time, recent schedule changes, and the unavailability of witnesses he intended to present at sentencing. The State resisted further delay, noting the matter had been pending and that the defense had prior opportunity to prepare.

The district court initially considered a brief continuance but also addressed concerns raised by Neubauer regarding counsel and preparation. After a colloquy with the parties and opportunities to confer further with counsel, the court proceeded with sentencing. At sentencing, the State requested consecutive sentences and revocation of probation, including terms of incarceration for the underlying offenses. Neubauer requested more lenient dispositions, including time served on probation matters, a jail sentence on the eluding conviction, and a suspended prison sentence on the drug offense.

After considering the presentence investigation report, the parties' recommendations, and the relevant sentencing factors, the district court imposed consecutive sentences. The court sentenced Neubauer to an indeterminate term of incarceration not to exceed five years for possession of a controlled substance, third offense. It imposed a ninety-day jail sentence for eluding. The court ordered these sentences, along with additional probation-revocation dispositions, to run consecutively.

Neubauer appealed his sentence as to his convictions in both cases. He subsequently moved to consolidate the appeals, and the supreme court granted that motion.

## STANDARD OF REVIEW

We review a district court's specific sentencing decision for abuse of discretion. *State v. Laffey*, 600 N.W.2d 57, 62 (Iowa 1999). We will not disturb a sentence unless the defendant proves an abuse of discretion or a defect in the sentencing procedure occurred. *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015) (citation omitted). Review of the district court's denial of a motion to continue is for abuse of discretion. *See State v. Artzer*, 609 N.W.2d 526, 530 (Iowa 2000) ("The decision to grant or deny a motion for continuance rests in the sound discretion of the [district court] judge.").

## DISCUSSION

Neubauer raises two primary claims on appeal, both challenging the district court's exercise of discretion at sentencing.

First, he argues the district court abused its discretion in denying his request to continue the sentencing hearing. He contends the last-minute rescheduling of the hearing, coupled with counsel's illness, heavy caseload, and limited opportunity to confer, left him inadequately prepared. He further asserts the denial prevented him from presenting mitigation evidence, including testimony from family members and others, and that tensions between himself and counsel impaired effective representation. We disagree.

Because the trial court is in the best position to "sense whether a given continuance motion stems from a legitimate need, or from a wish to delay," we are reticent to reverse its ruling on such motions, and absent an abuse of discretion, will not do so. *State v. Teeters*, 487 N.W.2d 346, 348 (Iowa 1992). The court had already granted a continuance to allow additional preparation following the presentence investigation report and provided several days' notice of the rescheduled hearing. It reasonably concluded Neubauer had sufficient opportunity to prepare and secure witnesses. When concerns were raised at the hearing, the court offered additional accommodations— including time to confer with counsel and the opportunity to present the substance of anticipated witness testimony—but Neubauer declined to utilize them. The denial of a further continuance was neither untenable nor unreasonable. No abuse of discretion occurred.

Second, Neubauer argues the district court abused its discretion in imposing consecutive terms of incarceration rather than a more lenient, treatment-oriented sentence. He maintains the record supports probation with substance-use treatment, emphasizing his longstanding addiction, family support, housing stability, and efforts toward rehabilitation. He contends the court overstated his status as a danger to the public and failed to give adequate weight to mitigating circumstances and less restrictive sentencing alternatives.

A sentencing "court shall state on the record the basis for the sentence imposed." Iowa R. Crim. P. 2.23(2)(g). The sentencing court weighs "the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform" along with the defendant's criminal history, family circumstances, and the societal goals of sentencing. *State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020) (citation

omitted). The district court's statement may be "terse and succinct" if "the reasons for the exercise of discretion are obvious in light of the statement and the record before the court." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). The district court "has broad discretion to impose the sentence it determines is best suited to rehabilitate a defendant and protect society." *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022). This discretion "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor," and we will only reverse for an abuse of discretion. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

At sentencing, the district court gave an explanation of its decision to not suspend Neubauer's sentence:

> Mr. Neubauer, you have demonstrated an inability to comply with the rules of the State of Iowa despite probation supervisions, the existence of family and employer support, and a resistance to all efforts to rehabilitate you. You just—we continue to have you violate the law, and it's occurring in an escalating manner, which is concerning. You've also been given the opportunity many times through just court orders at least eight prior attempts at substance-abuse treatment. You have not availed yourself of that or sought any on your own, apparently, and it would be foolish to believe that that's going to change if you're granted probation again. I do note that you have been granted probation many times previously. That's been revoked a number of times. It does not appear that that's going to be any more successful at this time.

Upon our review, we find the district court did not abuse its discretion in imposing a carceral sentence. Each of the factors the district court discussed is a proper sentencing factor. *See* Iowa Code § 901.5 (2025). Given the sentence is based on proper factors and is sufficiently explained, we discern no abuse of discretion. *See Formaro*, 638 N.W.2d at 724. To the extent that Neubauer asks us to reweigh the factors and grant him probation, we will

not override the district court's proper exercise of its discretion. *See State v. Gordon*, 998 N.W.2d 859, 863 (Iowa 2023).

**AFFIRMED.**